**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Adam Delph
Assistant U.S. Attorney
Adam.Delph@usdoj.gov
(541) 465-6771
*Reply to Eugene Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight, United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

May 2, 2024

Kimberly Seymour
859 Willamette St # 200
Eugene, OR 97401

6:24-cr-00024-MC-1 BD

Re:   *United States v. Elizabeth West*, ~~6:23-cr-00134-MC~~
      Plea Agreement Letter

Dear Counsel:

1.  **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, **Elizabeth West**, and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.  **Charges**: Defendant agrees to plead guilty to Count One of the Indictment which charges an interstate threatening communication, in violation of 18 U.S.C. § 875(c).

3.  **Penalties**: The maximum sentence for Count One is 5-years' imprisonment, a $250,000 fine, a 3-year term of supervised release, and a $100 fee assessment. Defendant agrees to pay the fee assessments by the time of entry of guilty plea or explain to the Court why this cannot be done. Defendant understands that if a mandatory minimum sentence is required, this may restrict the application of downward departures, adjustments, and variances in some cases.

4.  **Dismissal/No Prosecution**: The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5.  **Elements**:

    In order for defendant to be found guilty of Count One of the Indictment, the government must prove the following elements beyond a reasonable doubt:

Kimberly Seymour
Re: Elizabeth West Plea Agreement Letter
Page 2
May 2, 2024

First, the defendant knowingly transmitted in interstate and foreign commerce an electronic message containing a threat to injure individuals;

Second, the defendant consciously disregarded a substantial risk that their communications would be viewed as threatening violence.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crime to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty plea. The following facts are true and undisputed:

On September 26, 2023, the FBI received information from an anonymous tipster that West was threatening individuals at her place of work, on a Facebook page. West's Facebook constituted an interstate threat. The Facebook post stated the following:

"Well, I wish I had better news to tell but what I'm writing to you right now is the fact that I'm at the end of my rope I'm probably gonna get fired from his job. I'm […] supposed to be called into the office this morning so I wonder what lies are going to spew in order to justify firing me. I'm too old to keep looking for jobs and I've had it up to here being bullied by trans phobic assholes I am left with no alternative. I'll probably have to go out in a blaze of glory. I've been preparing for this moment a long time at least then I'll be remember I have no family no friends… So there really isn't any point living anymore? I'm just gonna have to do what I have to do and pray for the gods to forgive me." The posting included a photograph of two firearms: a pistol and a semi-automatic firearm.

When posting this threat online, West consciously disregarded a substantial risk that her communications would be viewed as threatening violence.

In violation of 18 U.S.C. § 875(c).

6. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's

Kimberly Seymour
Re: Elizabeth West Plea Agreement Letter
Page 3
May 2, 2024

offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

8.  **Sentencing Recommendation**: The government will recommend a sentence of **one year and one day**, as long as defendant demonstrates an acceptance of responsibility as explained above.

9.  **Additional Departures, Adjustments, or Variances**:

    A.  Defendant reserves the right to seek a downward departure, adjustment, or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request. The basis for the departure, adjustment, or variance shall be limited to USSG § 5K2 or 18 U.S.C. § 3553.

    B.  Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

10. **Transfer of Firearms**: By signing this agreement, the parties agree that defendant will hereby voluntarily transfer or sell all firearms and ammunition seized in this case to a designated Federal Firearm Licensee, pursuant to FBI policy and procedures.

11. **Supervised Release Conditions**: The parties agree to the following special conditions, in addition to the mandatory and/or standard conditions of supervised release:

    (1) That the defendant must not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption, except with the prior approval of the probation officer.

    (2) That the defendant must not go to, or remain at any place where the defendant knows controlled substances are illegally sold, used, distributed, or administered without

Kimberly Seymour
Re: Elizabeth West Plea Agreement Letter
Page 4
May 2, 2024

    first obtaining the permission of the probation officer. Except as authorized by court order, the defendant must not possess, use or sell marijuana or any marijuana derivative (including THC) in any form (including edibles) or for any purpose (including medical purposes). Without the prior permission of the probation officer, the defendant must not enter any location where marijuana or marijuana derivatives are dispensed, sold, packaged, or manufactured.

    (3) That the defendant must obtain one primary care physician and one mental health provider, who will prescribe his medications. The defendant must provide documentation of changes in medication and sign a release of information form to allow the exchange of information between the medication prescribers and the probation officer.

    (4) That the defendant must utilize one pharmacy to fill prescription medications and sign a release of information form to allow the exchange of information between the pharmacy and the probation officer.

    (5) That the defendant must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer will obtain the authorization of the Court before requiring residential or inpatient treatment pursuant to this condition. The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program (provider, location, modality, duration, intensity, etc.).

    (6) That the defendant must take all mental health medications that are prescribed by defendant's treating physician.

    (7) That the defendant must provide the U.S. Probation Officer with truthful and complete information regarding all computer hardware, software, electronic services, and data storage media to which defendant has access.

    (8) That the defendant must submit her computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, to a search. The defendant must not install any encryption software or mechanism on any such computer, device, or data storage media. The defendant must furnish any password or passcode required to access the computer, device, or storage media to the probation officer upon request. The defendant must warn any other people who use these computers or devices capable of accessing the internet that the devices may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of

Kimberly Seymour
Re: Elizabeth West Plea Agreement Letter
Page 5
May 2, 2024

supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.

(9) That the defendant must allow the probation officer to install computer monitoring software on any computer (as defined in 18 U.S.C. § 1030(e)(1)) she uses. To ensure compliance with the computer monitoring condition, the defendant must allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. These searches shall be conducted for the purposes of determining whether the computer contains any prohibited data prior to installation of the monitoring software; to determine whether the monitoring software is functioning effectively after its installation; and to determine whether there have been attempts to circumvent the monitoring software after its installation. Defendant must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition.

(10) That the defendant must not possess and/or use computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media except as approved in advance by the probation officer.

(11) That the defendant must submit her person, property, house, residence, vehicle, papers, or office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. Defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. The probation officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

(12) That the defendant will not have any contact with the victim group referenced in the Indictment, nor enter the premises of the office of the victim group.

11.     **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Kimberly Seymour
Re: Elizabeth West Plea Agreement Letter
Page 6
May 2, 2024

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

### Transfer of Assets

Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

### Restitution

The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

Kimberly Seymour
Re: Elizabeth West Plea Agreement Letter
Page 7
May 2, 2024

12. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

13. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

14. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer, and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

15. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

16. **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea

Kimberly Seymour
Re: Elizabeth West Plea Agreement Letter
Page 8
May 2, 2024

17. **Deadline**: This plea offer expires if not accepted by **May 30, 2024.**

Sincerely,

NATALIE K. WIGHT
United States Attorney

*//s// Adam E. Delph*
ADAM E. DELPH
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.


05/02/2024                                    /s/ Kimberly-Claire E. Seymour for Elizabeth West
Date                                          Defendant (Elizabeth West)


I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.


05/02/2024                                    /s/ Kimberly-Claire E. Seymour
Date                                          Attorney for Defendant (Kimberly Seymour)